The Honorable John H. Chun

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABSALOM CRISTOBAL,

          Plaintiff,

   v.

AMAZON INC., [1]

          Defendant.

Case No. 2:23-cv-00508-JHC

**STIPULATED PROTECTIVE ORDER**

1.    PURPOSES AND LIMITATIONS

      Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principals, and it does not presumptively entitle parties to file confidential information under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion

---

[1] Plaintiff improperly identifies the defendant as "Amazon Inc.," a non-existent entity. Plaintiff's employer, and the correct defendant, is Amazon.com Services LLC.

STIPULATED PROTECTIVE ORDER - 1
2:23-CV-00508-JHC

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

2.   "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged:  (a) Plaintiff's medical records, including documents relating to or discussing Plaintiff's worker's compensation file and work-related restrictions; (b) personnel records of current or former employees that include current or former employees' names, residence addresses, telephone numbers, and/or income; (c) proprietary business information of Defendant; (d) Defendant's employer-specific internal operations documents and employer-specific policies and procedures; and (e) documents or testimony  relating to internal investigations relating to Plaintiff's allegations, including but not limited to, investigation reports and witness interviews.

3.   SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material. However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.   ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1   Basic Principles:  A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1        4.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>:  Unless otherwise ordered

2 by the court or permitted in writing by the designating party, a receiving party may disclose any

3 confidential material only to:

4        (a)     the receiving party's counsel of record in this action, as well as employees

5 of counsel to whom it is reasonably necessary to disclose the information for this litigation;

6        (b)     the officers, directors, and employees (including in house counsel) of the

7 receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties

8 agree that a particular document or material produced is for Attorney's Eyes Only and is so

9 designated;

10        (c)     experts and consultants to whom disclosure is reasonably necessary for this

11 litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

12        (d)     the court, court personnel, and court reporters and their staff;

13        (e)     copy or imaging services retained by counsel to assist in the duplication of

14 confidential material, provided that counsel for the party retaining the copy or imaging service

15 instructs the service not to disclose any confidential material to third parties and to immediately

16 return all originals and copies of any confidential material;

17        (f)     during their depositions, witnesses in the action to whom disclosure is

18 reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

19 (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of

20 transcribed deposition testimony or exhibits to depositions that reveal confidential material must

21 be separately bound by the court reporter and may not be disclosed to anyone except as permitted

22 under this agreement;

23        (g)     the author or recipient of a document containing the information or a

24 custodian or other person who otherwise possessed or knew the information.

25

26

STIPULATED PROTECTIVE ORDER - 3
2:23-CV-00508-JHC

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

4.3     Filing Confidential Material:  Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

5.     DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection:  Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations:   Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or

STIPULATED PROTECTIVE ORDER - 4
2:23-CV-00508-JHC

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1  ordered, disclosure or discovery material that qualifies for protection under this agreement must

2  be clearly so designated before or when the material is disclosed or produced.

3          (a)    <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and

4  deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings),

5  the designating party must affix the word "CONFIDENTIAL" to each page that contains

6  confidential material. If only a portion or portions of the material on a page qualifies for protection,

7  the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate

8  markings in the margins).

9          (b)    <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties

10  and any participating non-parties must identify on the record, during the deposition or other pretrial

11  proceeding, all protected testimony, without prejudice to their right to so designate other testimony

12  after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the

13  transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or

14  exhibits thereto, as confidential.  If a party or non-party desires to protect confidential information

15  at trial, the issue should be addressed during the pre-trial conference.

16          (c)    <u>Other tangible items</u>: the producing party must affix in a prominent place

17  on the exterior of the container or containers in which the information or item is stored the word

18  "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection,

19  the producing party, to the extent practicable, shall identify the protected portion(s).

20      5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to

21  designate qualified information or items does not, standing alone, waive the designating party's

22  right to secure protection under this agreement for such material. Upon timely correction of a

23  designation, the receiving party must make reasonable efforts to ensure that the material is treated

24  in accordance with the provisions of this agreement.

25  6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

26

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

6.1     <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3     <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1          (a)     promptly notify the designating party in writing and include a copy of the

2    subpoena or court order;

3          (b)     promptly notify in writing the party who caused the subpoena or order to

4    issue in the other litigation that some or all of the material covered by the subpoena or order is

5    subject to this agreement. Such notification shall include a copy of this agreement; and

6          (c)     cooperate with respect to all reasonable procedures sought to be pursued by

7    the designating party whose confidential material may be affected.

8    8.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

9          If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential

10   material to any person or in any circumstance not authorized under this agreement, the receiving

11   party must immediately (a) notify in writing the designating party of the unauthorized disclosures,

12   (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the

13   person or persons to whom unauthorized disclosures were made of all the terms of this agreement,

14   and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be

15   Bound" that is attached hereto as Exhibit A.

16   9.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

17   MATERIAL

18         When a producing party gives notice to receiving parties that certain inadvertently

19   produced material is subject to a claim of privilege or other protection, the obligations of the

20   receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision

21   is not intended to modify whatever procedure may be established in an e-discovery order or

22   agreement that provides for production without prior privilege review. The parties   agree to the

23   entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

24   10.    NON-TERMINATION AND RETURN OF DOCUMENTS

25

26

STIPULATED PROTECTIVE ORDER - 7
2:23-CV-00508-JHC

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1    Within 60 days after the termination of this action, including all appeals, each receiving

2    party must return all confidential material to the producing party, including all copies, extracts and

3    summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

4    Notwithstanding this provision, any pro se party and any represented party's counsel are

5    entitled to retain one archival copy of all documents filed with the court, trial, deposition, and

6    hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work

7    product, and consultant and expert work product, even if such materials contain confidential

8    material.

9    The confidentiality obligations imposed by this agreement shall remain in effect until a

10   designating party agrees otherwise in writing or a court orders otherwise.

11   IT IS SO STIPULATED, BY PRO SE PLAINTIFF AND BY DEFENDANT THROUGH ITS

12   COUNSEL OF RECORD

13   Dated: September 29, 2023

14                                              s/Jordan T. Wada
                                                Jordan T. Wada, WSBA #54937
15                                              jwada@littler.com

16                                              LITTLER MENDELSON, P.C.
                                                One Union Square
17                                              600 University Street, Suite 3200
                                                Seattle, WA 98101.3122
18                                              Telephone:   206.623.3300
                                                Facsimile:   206.447.6965
19
20                                              Wendy M. Krincek (*pro hac vice*)
                                                LITTLER MENDELSON, P.C.
21                                              3960 Howard Hughes Parkway, Ste. 300
                                                Las Vegas, NV 89169
22                                              Telephone: (702) 862-7726
                                                wkrincek@littler.com
23
                                                Attorney for Defendant
24
25
26

STIPULATED PROTECTIVE ORDER - 8
2:23-CV-00508-JHC

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1   Dated:  September 29, 2023

2

3                                          s/

4                                          Absalom Cristobal
                                           Plaintiff – Pro Se
5                                          1017 L Street, #750
                                           Sacramento, CA 95814
6                                          Tel: 415-980-9165
                                           absalom@usa.net
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER - 9
2:23-CV-00508-JHC

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1   PURSUANT TO STIPULATION, IT IS SO ORDERED

2   IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any

3   documents, electronically stored information (ESI) or information, whether inadvertent or

4   otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or

5   state proceeding, constitute a waiver by the producing party of any privilege applicable to those

6   documents, including the attorney-client privilege, attorney work-product protection, or any other

7   privilege or protection recognized by law. This Order shall be interpreted to provide the maximum

8   protection allowed by Fed. R. Evid. 502(d).  The provisions of Fed. R. Evid. 502(b) do not apply.

9   Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review

10  of documents, ESI or information (including metadata) for relevance, responsiveness and/or

11  segregation of privileged and/or protected information before production.  Information produced

12  in discovery that is protected as privileged or work product shall be immediately returned to the

13  producing party.

14

15  DATED:___October 2, 2023_____

16

17  _____
    HONORABLE JOHN H. CHUN

18  United States District Court Judge

19

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER - 10
2:23-CV-00508-JHC

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1
2
3
4
5
6
7
8
9
10
11
12

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Western District of Washington on _____

[date] in the case of *Cristobal v. Amazon, Inc.*, Western District of Washington Case No. 2:23-cv-

00508-JHC. I agree to comply with and to be bound by all the terms of this Stipulated Protective

Order and I understand and acknowledge that failure to so comply could expose me to sanctions

and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature: _____

13
14
15
16
17
18
19
20
21
22
23
24
25
26

STIPULATED PROTECTIVE ORDER - 11
2:23-CV-00508-JHC

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1

## **CERTIFICATE OF SERVICE**

2

I am a resident of the State of Washington, over the age of eighteen years, and not a party

3

to the within action. My business address is One Union Square, 600 University Street, Suite 3200,

4

Seattle, WA 98101. I hereby certify that on September 29, 2023, I electronically filed the foregoing

5

document(s) with the Clerk of the Court using the CM/ECF system.  I further caused the foregoing

6

document to be served upon the person(s) listed below via e-mail pursuant to the parties' e-service

7

agreement:

8

**Plaintiff – Pro Se**

9

Absalom Cristobal

10

1017 L Street, #750
Sacramento, CA 95814
Tel: 415-980-9165

11

absalom@usa.net

12

I certify under penalty of perjury under the laws of the United States and of the State of

13

Washington that the foregoing is true and correct.

14

Dated this 29th day of September, 2023.

15

16

_s/Karen Fiumano Yun_

Karen Fiumano Yun

17

kfiumano@littler.com
**LITTLER MENDELSON, P.C.**

18

19

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER - 12
2:23-CV-00508-JHC

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300